IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMALIA TORRES and TERESA GONZALEZ, Individually and On Behalf of All Others Similarly Situated, § § § § § § Plaintiffs, § § v. § § AYVA CENTER, LLC, ANN VO, and § ANNIE LAI § § Defendants. § | C.A. No. _____ JURY TRIAL DEMANDED |

# PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs AMALIA TORRES and TERESA GONZALEZ (referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants AYVA CENTER, LLC, ANN VO, and ANNIE LAI (collectively referred to as "Defendants"). In support thereof, they would respectfully show the Court as follows:

## I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets

overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendants violated the FLSA by failing to pay their nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3. Plaintiffs bring this collective action under section 216(b) of the FLSA on behalf of themselves and all other similarly situated employees in order to recover unpaid overtime wages.

## II. JURISDICTION AND VENUE

4. Plaintiffs' claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

## III. THE PARTIES

6. Plaintiff Amalia Torres is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing her duties, Torres was engaged in commerce or in the production of goods for commerce. Torres regularly worked in excess of forty (40) hours per week. However, Torres did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7. Plaintiff Teresa Gonzalez is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing her duties, Gonzalez was engaged in commerce or in the production of goods for commerce. Gonzalez regularly worked in excess of forty (40) hours per week. However, Gonzalez did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8. Defendant AYVA Center, LLC is a limited liability company is a Texas limited liability company that may be served with process by serving its registered agent, Ann Vo, 9071 Richmond Avenue, Houston, Texas 77063 or wherever she may be found.

9. Defendant Ann Vo is an individual who may be served with process at 15807 Sialey Ct, Houston, Texas 77063 or wherever she may be found.

10. Defendant Annie Lai is an individual who may be served with process at 6507 Ashfield Pace Court, Sugar Land, Texas 77479 or wherever she may be found.

11. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

11. Defendants own and operate a banquet and catering business in Houston, Texas.

12. Defendants Ann Vo and Annie Lai are the managing members of Defendant AYVA Center, LLC. As the managing members, Defendants Ann Vo and Annie Lai have operational control of Defendant AYVA Center, LLC and/or effectively dominates the limited liability company's administration or otherwise acts, or has the power to act, on behalf of the limited liability company vis-à-vis its employees. This is includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

13. From approximately June of 2011 through June 2012, Torres was employed by Defendants as a office assistant/receptionist and banquet staff.

14. Office assistants/receptionists, including Torres, are responsible for making appointments, answering the telephone, clerical work, and client billing.

15. Office assistants/receptionists, including Torres, regularly work in excess of forty (40) hours per week.

16. Defendants do not pay office assistants/receptionists, including Torres, at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

17. From approximately February 2011 through June 2012, Gonzalez was employed by Defendants as banquet staff.

18. Banquet staff, including Gonzalez, are setting up for events, bartending, serving at events, and clean up following an event.

19. Banquet staff, including Torres and Gonzalez, regularly work in excess of forty (40) hours per week.

20. Defendants do not pay banquet staff, including Gonzalez, at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

21. On information and belief, these same illegal pay practices were applied to all employees of Defendants who were compensated in the same or similar manner to that of Plaintiffs.

## V. PLAINTIFFS' INDIVIDUAL ALLEGATIONS

**A. Defendants Intentionally Misclassified Plaintiffs as Independent Contractors To Avoid Paying Overtime Wages.**

22. On information and belief, Plaintiffs were nonexempt employees under the guidelines of the FLSA.

23. As a nonexempt employees, Plaintiffs were legally entitled to be paid at one and one-half times their "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. 29 U.S.C. § 207(a).

24. Defendants failed to pay Plaintiffs for all hours worked in excess of forty (40) at one and one-half times their regular rate.

25. Instead, Defendants intentionally misclassified Plaintiffs as independent contractors and paid them an hourly rate, including only straight time for all hours work, all in an attempt to avoid paying overtime wages as required by the FLSA.

26. As a result of the misclassification, Plaintiffs were regularly "shorted" on their paycheck by not being paid at a rate of time and one-half for hours worked in excess of forty (40).

27. In the event that Defendants classified Plaintiffs as exempt from overtime, Plaintiffs were misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiffs full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

28. Rather, Defendants knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiffs proper overtime wages.

**B.** **Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

29. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records and unlawful deductions are direct violations of the FLSA.

30. No exemption excuses Defendants for failing to pay Plaintiffs at their proper overtime rate of time and one-half for all hours worked in excess of forty (40).

31. Defendants have not made a good faith effort to comply with the FLSA.

32. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiffs.

## VI. COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

34. On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified above in violation of the FLSA.

35. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40).

36. Defendants' patterns or practices of failing to pay for all hours worked and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

37. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

38. All employees of Defendants, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former office assistants/receptionists, banquet staff, or any other employee who: (1) worked at any business that was owned, operated, and/or acquired by Defendants during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and (3) were compensated on any basis where they were not properly paid for at a rate of time and a half for hours worked in excess of forty (40).

39. Plaintiffs have retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiffs and any other Members of the Class.

## VII. CAUSE OF ACTION—FAILURE TO PAY WAGES

40. Plaintiffs re-allege and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

41. Defendants' practice of failing to pay its nonexempt employees overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) is in direct violation of the FLSA. 29 U.S.C. § 207(a).

42. Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiffs their full and proper compensation.

43. Plaintiffs are entitled to payment for all hours worked in excess of forty (40) in an amount that is one and one-half times his regular rate of pay.

44. Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid overtime wages as a result of Defendants' failure to comply with the guidelines of the FLSA.

## VIII. Jury Request

45. Plaintiffs request a trial by jury.

## IX. Prayer

46. WHEREFORE, Plaintiffs and all similarly situated employees who join this action respectfully request this Court:

   a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

   b. Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

   c. Declare Defendants' violations of the FLSA to be willful;

   d. Award Plaintiffs and all those similarly situated damages for the amount of unpaid overtime compensation and unpaid minimum wages, subject to proof at trial;

   e. Award Plaintiffs and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

   f. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

   g. Award expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action;

   h. Award postjudgment interest as allowed by law;

   i. Award costs of court and costs of prosecuting Plaintiffs' claims; and

   j. Award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Curt Hesse
    State Bar No. 24065414
    Federal Id. No. 968465
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**